UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GARY LACY,** | ) | CASE NO. 1:14 CV 2347 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **CORRECTIONS CORPORATION** | ) | |
| **OF AMERICA,** *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Gary Lacy filed this action in the Ashtabula County Court of Common Pleas against Corrections Corporation of America ("CCA") and "Unknown Chronic Care Providers." CCA removed the action to federal court based on diversity of citizenship. In the Complaint, Plaintiff alleges prison physicians should prescribe a new medication to treat his chronic medical condition. He seeks an order from this Court to provide the requested treatment or an award of monetary damages equal to the cost of the treatment.

**I.  BACKGROUND**

Plaintiff's Complaint is very brief. He indicates he was diagnosed with Hepatitis C in April

2012.  He was sent to the Lake Erie Correctional Institution ("LECI") on May 2, 2012.  LECI is a private prison owned and operated by CCA to house Ohio prisoners.  Plaintiff claims he has been given antacids and gas relief medications when he has had gastrointestinal problems associated with his medical condition.  He recently learned of a new medication, Sovaldi, that purports to cure Hepatitis C through a twelve-week course of treatment.  He states he would like to receive this medication or be paid the cost of the treatment, which he estimates to be $150,000.00.  He also seeks $ 500,000.00 in "other damages."

CCA filed a Motion to Dismiss the Complaint pursuant to Federal Civil Procedure Rule 12(b)(6).  (ECF No. 3).  CCA construes the pleading as asserting a claim for medical negligence.  They contend that the Plaintiff failed to include sufficient factual allegations to support a claim of medical negligence and failed to submit an Affidavit of Merit as required by Ohio law.

In response, Plaintiff filed a Motion to Challenge the Defendant's Motion to Dismiss (ECF No. 6), two Motions for Declaratory Judgment and Injunctive Relief (ECF Nos. 7, 15), and a Motion for an Order to Secure a Certificate of Expert Review (ECF No. 13).  In the Challenge to the Motion to Dismiss, he asks the Court to determine whether "the statutes that will be used to dismiss the Complaint are constitutional" and "whether or not statutory regulation is constitutional."  (ECF No. 6 at 1).  His Motions for Declaratory Judgment are similar.  He asks this Court to declare he is entitled to constitutional rights under civil law and that there are only civil and criminal laws in Ohio, not regulatory laws.  He also asks the Court to declare that it is exercising civil jurisdiction and not proceeding under equity which he claims would defeat his claims for civil liability.

## II.  LAW AND ANALYSIS

**Standard of Review**

When deciding a Motion to Dismiss under Federal Civil Procedure Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint.  *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993).  Plaintiff is proceeding *pro se* in this matter.  The Court therefore must liberally construe the Complaint and give it an "active interpretation" to read the pleading "to encompass any allegation stating federal relief."  *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This is a less stringent standard than the Court would apply to pleadings filed by a lawyer.  *Id.*

The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and recently in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) clarified the law regarding what the Plaintiff must plead in order to survive a Motion to Dismiss under Rule 12(b)(6).  When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555.  The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.  Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true."  *Id*.  The Court is "not bound to

accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 556 U.S. at 677-78, further explained the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*. The Sixth Circuit has held that a Court may consider allegations contained in the Complaint, as well as exhibits attached to or otherwise incorporated in the Complaint, all without converting a Motion to Dismiss to a Motion for Summary Judgment. FED. R. CIV. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

**Analysis**

As an initial matter, it is not clear that Plaintiff intended to assert a cause of action for medical negligence. The Complaint does not specify any cause of action. Plaintiff indicates the Court has jurisdiction over this case "both statutorily and constitutionally" suggesting he may be attempting to assert violations of his constitutional rights under 42 U.S.C. § 1983. He also indicates the Defendant has neglected to provide medical treatment to him, which could be construed either under § 1983 or as a state law negligence claim. The Court will liberally construe his pleading as asserting both claims.

**42 U.S.C. § 1983**

Plaintiff contends the Court has jurisdiction based on the United States Constitution. He also does not specify which constitutional right he believes was violated by CCA. Giving the Complaint a very liberal construction, it is possible he may be attempting to assert a claim under the Eighth Amendment.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court remarked that "having stripped [inmates] of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Id*. at 833. The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.' " *Id*. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, s*ee Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988); *see Thaddeus-X v. Blatter,175* F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of

confinement which constitute health threats, but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id*. Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id*. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id*. Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In the context of a claim regarding medical treatment, an inmate must show two elements to demonstrate a violation of his Eighth Amendment rights: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. *Id*. It is clear from the foregoing that the duty to provide a certain level of health care to incarcerated offenders under the Eighth Amendment is a limited one. "Not 'every ache

and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim.'" *Sarah v. Thompson*, No. 03–2633, 2004 WL 2203585 (6th Cir. Sept. 15, 2004) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997)). To analyze an Eighth Amendment claim, the Court must first determine whether Plaintiff's medical condition is sufficiently serious to invoke Eighth Amendment protection. If the condition is sufficiently serious, the Court will then inquire whether the Defendants exhibited deliberate indifference to Plaintiff's medical condition.

In this case, Hepatitis C is arguably an objectively serious medical condition. The Court must then consider whether CCA was deliberately indifferent to his serious medical needs. It is here that Plaintiff fails to state a claim for relief.

CCA is a corporation, and for a corporation to act with the requisite level of subjective intent, it must do so through its policies and customs. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). It cannot be held liable in an action under 42 U.S.C. § 1983 for the actions of its employees, nor can it be held liable for a mere failure to act. *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)). Plaintiff must allege that the employees acted in accordance with some official policy or custom of CCA, or that CCA encouraged the specific misconduct or in some way directly participated in it. *See Monell*, 436 U.S. at 690-91; *Hays v. Jefferson County, Ky.*, 668 F.2d 869 (6th Cir. 1982); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

In this case, Plaintiff does not allege any facts to suggest how CCA is liable to him for not providing Sovaldi to treat his medical condition. He does not even allege that he requested the

-7-

treatment from medical personnel at LECI, and that his request was refused. He does not allege that medical personnel at LECI made this decision based on a specific policy of CCA rather than for medical reasons. There is no indication that any corporate executive of CCA was aware of Plaintiff's medical condition and directly participated in decisions concerning his medical treatment. Plaintiff fails to establish the subjective element of his Eighth Amendment claim against CCA.

Plaintiff also asserts claims against "Unknown Chronic Care Providers." This identification is insufficient to hold any particular individual in the LECI medical department responsible for a violation of Plaintiff's Eighth Amendment rights. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). This is particularly true in the context of an Eighth Amendment claim where the Plaintiff must allege and prove that the Defendant had "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). He must show that the official knew of and disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. (quoting *Farmer*, 511 U.S. at 837). Plaintiff has not given any information to identify these Defendants and has not alleged facts to suggest they each knew of the excessive risk to his safety and deliberately disregarded that risk in choosing a course of action.

Moreover, even if Plaintiff had suggested how CCA or the "Unknown Chronic Care

Providers" were directly involved in his medical decisions, he failed to allege facts to suggest that the treatment he is receiving amounts to a constitutional violation.  A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to an § 1983 claim.  *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5. (6th Cir. 1976).  The question is not whether a prisoner is receiving the medication or treatment of his choosing but whether the course of treatment he is receiving is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."  *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002).  The relevant inquiry to determine whether the Defendant provided grossly inadequate care is "whether a reasonable doctor ... could have concluded his actions were lawful."  *Id*.  There is no indication in the Complaint that Plaintiff is receiving grossly inadequate treatment for his medical condition.  His claims under the Eighth Amendment are dismissed.

**Negligence**

CCA also asserts Plaintiff failed to state a claim for negligence.  They construe the claim as one for medical negligence, or malpractice, and contend that under Ohio law, an Affidavit of Merit must accompany the Complaint or it must be dismissed for failure to state a claim.

Ohio Civil Procedure Rule 10(D)(2) requires that a medical claim falling within the definition of Ohio Revised Code § 2305.113 be accompanied by an Affidavit of Merit.  Ohio Revised Code § 2305.113 defines a medical claim as being a claim asserted in a civil action "against a physician, podiatrist, hospital, home, or residential facility [or an employee or agent of the same], and that arises out of the medical diagnosis, care, or treatment of any person."  Ohio Rev.

Code § 2305.113(E)(3).  To be considered a medical claim under Ohio Rev. Code § 2305.113, the claim must both (1) arise out of the medical diagnosis, care, or treatment and (2) be asserted against one of the statutorily enumerated medical providers.  *Estate of Stevic v. Bio-Medical Application of Ohio, Inc.*, 121 Ohio St.3d 488, 490 (2009);  *Franks v. Ohio Dept. of Rehab. & Corr.* 195 Ohio App.3d 114, 118-120 (Ohio App. 10 Dist. 2011).

CCA is not a medical provider as defined by the statute.  *See Johnson v. Ohio Dept. of Rehab. & Corr.*, No. 06AP–196, 2006 WL 3517998 (Ohio App. 10 Dist. 2006)(finding no indication that the ODRC is a medical provider under Ohio Revised Code § 2305.113(E)); *Franks,* 195 Ohio App.3d at 119 (finding that the ODRC failed to present any evidence to suggest it was a hospital or medical provider under Ohio Rev. Code § 2305.113).  *See also Wick v. Lorain Manor, Inc.*, No. 12CA010324, 2014 WL 4824685, at *3 -8  (Ohio App. 9 Dist. Sept. 30, 2014)(finding an ambulance service and Adult Comfort Care Facility were not medical providers as defined by the statute).  The claims against CCA cannot be construed as medical claims under Ohio Rev. Code § 2305.113(E) and do not require an Affidavit of Merit under Ohio Civ.R. 10(D)(2)(a).

It is difficult to determine whether the claims against the "Unknown Chronic Care Providers" are covered by Ohio Rev. Code § 2305.113(E).  Plaintiff does not provide any description of these Defendants, and the Court therefore cannot assess whether they would qualify as medical providers as defined by the statute.  To the extent that they meet the statutory definition, Plaintiff must provide an Affidavit of Merit and his failure to do so would be grounds for dismissal under Ohio Civil Procedure Rule 10(D)(2)(a).

Nevertheless, even under a basic negligence standard, Plaintiff fails to state a claim for relief against CCA or the "Unknown Chronic Care Providers." To state a claim for negligence, Plaintiff must allege facts to suggest the existence of a duty, a breach of that duty, and an injury proximately caused by the breach. *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77 (1984). There is a custodial relationship between CCA and its prisoners, and CCA therefore owes Plaintiff a common law duty of reasonable care to provide for his health, care, and well-being. *McCoy v. Engle*, 42 Ohio App.3d 204, 207 (1987). That custodial relationship, however, "does not expand or heighten the duty of ordinary reasonable care." *Woods v. Ohio Dept. of Rehab. & Corr.*, 130 Ohio App.3d 742, 745 (1998). "Reasonable care" is defined as the degree of caution and foresight that an ordinarily prudent person would employ in similar circumstances. *Id*. at 745.

As with his claim under the Eighth Amendment, Plaintiff fails to allege the care he is receiving while in the custody of CCA is substandard. While he believes another course of treatment would be better, there is nothing in the Complaint to suggest his current treatment is negligent. In addition, he has not alleged that he suffered an injury as a result of his current treatment. He had Hepatitis C when he entered the prison. He has not alleged any facts to suggest how any of the actions taken by CCA or the Chronic Care Providers caused him to suffer an additional injury.

### III. CONCLUSION

Accordingly, the Defendant's Motion to Dismiss (ECF No. 3) is granted, and this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this

decision could not be taken in good faith.[1] Plaintiff's Motion to Challenge Motion to Dismiss (ECF No. 6), Motion for Declaratory Judgment and Injunctive Relief (ECF Nos. 7, 15), and Motion for Order to Secure Certificate of Expert Review (ECF No. 13) are denied.

    IT IS SO ORDERED.

                                              s/ Christopher A. Boyko
                                              CHRISTOPHER A. BOYKO
                                              UNITED STATES DISTRICT JUDGE

DATED: April 8, 2015

---

[1] 28 U.S.C. § 1915(a)(3) provides:

    An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.